UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DYLAN T. FERREIRA, individually and on behalf of all others similarly situated, § § § § § § § § § § § § Plaintiff, v. CARRIER IQ, INC., HTC, INC., and HTC AMERICA, INC., Defendants. | CASE NO. _____ CLASS ACTION COMPLAINT JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, Dylan T. Ferreira (hereafter "Plaintiff"), brings this action individually and on behalf of a nationwide class of all other persons similarly situated in the United States (hereafter "Class") against Carrier IQ, Inc. (hereafter "CIQ"), HTC, Inc. (hereafter "HTC"), and HTC America, Inc. (hereafter "HTCA"), (CIQ, HTC, and HTCA hereafter collectively referred to as "Defendants") for violations of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq*. (hereafter "Wiretap Act") and for violations of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*(hereafter "Computer Fraud and Abuse Act").  Plaintiff seeks damages and equitable relief on his own behalf and on behalf of the Class.  Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

### INTRODUCTION/FACTUAL ALLEGATIONS

1.       This action arises out of Defendants' improper and unlawful actions consisting of

a scheme to access and intercept Plaintiff and the Class' personal information.

2. Plaintiff owns and operates an Evo wireless phone, manufactured by HTC and/or HTCA, which utilizes the Sprint wireless network. Plaintiff regularly uses his wireless phone to transmit and receive electronic data and send and receive wireless phone calls. Plaintiff and the Class own and operate HTC wireless phones that have CIQ's software embedded in them.

3. Defendant CIQ is a software developer and manufacturer that provides its services to the wireless phone industry and describes itself on its website (www.carrieriq.com) as "…the leading provider of Mobile Service Intelligence Solutions to the wireless industry." CIQ has developed and manufactured a patented wireless phone monitoring software that has been preinstalled on millions of wireless phones.

4. Defendant CIQ's monitoring software has been installed on Plaintiff's wireless phone and members of the Class' wireless phones. Once embedded, CIQ's software can capture and record keystokes, websites visited and text messages sent on wireless phones whether or not the wireless phones are connected or not connected to a wireless network. CIQ's software allows access to a wireless phone's data without the knowledge of Plaintiff and the Class.

5. Defendants HTC and/or HTCA manufacture wireless phones. HTC and/or HTCA embeds CIQ's software on its manufactured wireless phones.

6. Defendants secretly accessed and intercepted Plaintiff's and the Class' wireless phone electronic data transmissions without Plainitff or the Class' authorization or consent.

**PARTIES**

7. Plaintiff, Dylan T. Ferreira, is an individual who resides in Fall River, Massachusetts.

8. Defendant, Carrier IQ, Inc. is a company with its principle place of business in

Mountain View, California, and does business throughout the United States.

9. Defendants, HTC and HTCA are companies with their principle place of businesses in Bellevue, Washington, and they do business throughout the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 (a) and 1332 (d), because the amount in controversy exceeds $5,000,000.00 exclusive of interests and costs, and more than two-thirds of the members of the putative Class are citizens of states different from that of Defendant.

11. Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391 (a) as the named Plaintiff resides in this District and Defendants have engaged in the business in this District.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action on behalf of himself and a Class of all other persons similarly situated pursuant to Fed. R. Civ. P. 23 as defined as follows:

> All persons in the United States who own and operate or who owned and operated a wireless phone, manufactured by HTC, Inc. and/or HTC America, Inc., on which CIQ's software was installed or embedded.

13. Excluded from the Class are Defendants; any parent, subsidiary, or affiliate of any Defendant or any employees, officers, or directors of any Defendant; legal representatives, successors, or assigns of any Defendant; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

14. **Numerosity.** The Class is so numerous and dispersed nationwide that joinder of all members is impracticable. Upon information and belief, the Class numbers in the hundreds of

thousands if not millions. The exact number of Class members is unknown, but can be determined from Defendants' computerized and other records.

15. **Commonality.** There are numerous and substantial questions of law and fact that are common to all members of the Class, which questions predominate over any question affecting only individual Class members. The members of the Class were and continue to be subjected to the same practices of the Defendants. The common questions and principal common issues raised by Plaintiff's claims include: whether Defendants intercepted electronic data from wireless phones; whether Defendants intentionally accessed electronic data from wireless phones; whether the data intercepted is considered electronic communications within the meaning of the Wiretap Act; whether wireless phones are considered protected computers used in and affect interstate and foreign commerce and communications within the meaning of the Computer Fraud and Abuse Act; whether the data accessed is considered electronic communications within the meaning of the Wiretap Act; whether Defendants intentionally accessed protected computers in excess of its authorization and obtained information in violation of the Computer Fraud and Abuse Act; the appropriate damages for Defendants' violations, and the nature and extent of any other remedies, and injunctive relief, to which Plaintiff and the Class are entitled.

16. **Typicality.** Plaintiff's claims are typical of the claims of all of the other Class members, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendants.

17. **Adequacy.** Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of this Action and in the administration of all matters relating to the claims stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the

members of the Class he seeks to represent. Plaintiff has retained counsel experienced in handling class action lawsuits. Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue this action.

18. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the Class is impracticable. Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendanst have subjected the entire Class to the same violations as referenced herein. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' uniform violations predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of this action as a class action. The Defendants have acted and continue to act in a manner that is generally applicable to all members of the Class making final injunctive relief appropriate.

## FIRST CAUSE OF ACTION

**(Federal Wiretap Act, 18 U.S.C. § 2510 *et seq*.)**

19. Plaintiff, on behalf of himself and the Class, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

20. In relevant part, 18 U.S.C. § 2511(1)(a) provides that a violation of the Wiretap Act occurs when any person: "(a) intentionally intercepts, endeavors to intercept, or procures any person to intercept or endeavor to intercept, any wire, oral, or electronic communication..." of any person.

21. In relevant part, 18 U.S.C. § 2520(a) provides a private right of action to

"…any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter…." 18 U.S.C. § 2520(c)(2)(B) further provides that a court may assess as damages: "…statutory damages of whichever is the greater of $ 100.00 a day for each day of violation or $ 10,000.00."

22.   Plaintifff and the Class' wireless phone data is considered electronic communications within the meaning of 18 U.S.C. § 2510(12). Plaintiff and the Class are persons that were party to such electronic communications that are protected under the Wiretap Act.

23.   On information and belief, Defendants intentionally and without authorization intercepted and disclosed such electronic communications in violation of 18 U.S.C. 2511(1)(a) and (c).

24.   Defendants are not parties to any such electronic communications, nor have any of the parties to the communications given prior consent to Defendants' interception or disclosure of those communications pursuant to 18 U.S.C. § 2511(2)(d).

25.   Plaintiff seeks declaratory, injunctive and monetary relief as provided for by the Wiretap Act for himself and on behalf of the Class.

## SECOND CAUSE OF ACTION

**(Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*.)**

26.   Plaintiff, on behalf of himself and the Class, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

27.   Plaintiff and the Class' wireless phones which store electronic data are considered protected computers because they are used in and affect interstate and foreign commerce and communication.  18 U.S.C. § 1030(e)(2)(B).

28. By accessing Plaintiff and the Class' wireless phones, Defendants intentionally accessed a protected computer in excess of its authorization and obtained information in violation of 18 U.S.C. § 1030(a)(2)(C).

29. By engaging in the foregoing acts and omissions, Defendants caused economic damage to its users including but not limited to loss caused by decreased wireless phone battery life and increased cost for wireless data and wireless air time phone call usage.

30. Defendants have caused loss to one or more persons during a one-year period aggregating to at least $5,000.00 in value, 18 U.S.C. § 1030(c)(4)(A)(i)(1).

31. Plaintiff seeks declaratory, injunctive and monetary relief as provided for by the Computer Fraud and Abuse Act for himself and on behalf of the Class.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Dylan T. Ferreira, on behalf of himself and the Class, request the following relief:

1. An order certifying that this action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative, and that Plaintiff's counsel be appointed Class Counsel;

2. An award of damages;

3. An injunction preventing Defendants from continuing the unlawful conduct alleged herein;

4. An award of reasonable attorneys' fees and costs;

5. Such other relief at law or equity as this court may deem just and proper.

DATED this 5th day of December, 2011.

        The Plaintiff,
        By Counsel,

        /s/ John T. Longo
        John T. Longo, Esq. (MA BBO # 632387)
        Citadel Consumer Litigation, P.C.
        681 Smith Street, Suite 201
        Providence, RI 02908
        (401) 272-2177
        Fax (401) 537-9185
        jtlongo@citadelpc.com

        Peter N. Wasylyk (Pro Hac Vice- To Be Requested)
        LAW OFFICE OF PETER N. WASYLYK
        1307 Chalkstone Avenue
        Providence, Rhode Island 02908
        (401) 831-7730
        Fax (401) 861-6064
        pnwlaw@aol.com